UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDEEP KAPIL, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>APPLE, INC.,<br><br>　　　　Defendant. | Case No. 24-cv-09304-NW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 32 |

On March 7, 2025, Defendant Apple, Inc. ("Apple" or "Defendant") filed a motion to dismiss Plaintiffs' class action complaint. Mot., ECF No. 32. Having considered the parties' briefs and the relevant legal authority, the Court concluded that oral argument was not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and vacated the hearing set for July 9, 2025. The Court GRANTS Defendant's motion with leave to amend.

## I.    BACKGROUND

Plaintiffs Sandeep Kapil, Kim Sallen, and Gabriela Gomez (collectively, "Plaintiffs") bring this case on behalf of themselves, and all others similarly situated. Compl., ECF No. 1. Plaintiffs purchased Apple products. *Id*. ¶ 5. All three Plaintiffs lost money in cryptocurrency scams. *Id*. In August 2023, Plaintiff Kapil downloaded Digicoins, a cryptocurrency app, from Apple's App Store, and "began transferring money and buying cryptocurrency" via Digicoins, and eventually lost $1,236,000. Compl. ¶¶ 47, 49. In September and October 2023, Plaintiff Sallen downloaded Digicoins and Forex5, another cryptocurrency app, from the App Store, transferred money into the illegitimate apps, and eventually lost approximately $120,000. *Id*. ¶¶ 56-57, 60. In October 2023, Plaintiff Gomez downloaded Digicoins and SolLuna, another cryptocurrency app, from the App Store, transferred funds into both apps, and eventually lost $72,000. *Id*. ¶¶ 52, 55. Plaintiffs

1   acknowledge that the illegitimate cryptocurrency apps perpetrated the scams and stole from them,
2   not Apple.  *Id*. ¶ 44; Opp'n, 3, ECF No. 36.
3         Plaintiffs sued Apple on December 20, 2024, bringing claims under California's
4   Consumers Legal Remedies Act ("CLRA"), Civil Code § 1750, *et seq*., and California's Unfair
5   Competition Law ("UCL"), Business and Professions Code § 17200, *et seq*.  Compl. ¶ 6.
6   Plaintiffs bring claims on behalf of a putative class made up of "[a]ll persons who downloaded or
7   otherwise used Digicoins, SolLuna or Forex5 from the Apple App Store within the relevant
8   statutory period to the date notice is sent to the Class."  *Id*. ¶ 61.  Apple moved to dismiss
9   Plaintiff's complaint on March 7, 2025.  Mot. at 1.

## II.   LEGAL STANDARD

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]."  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   DISCUSSION

### A.   Whether Plaintiffs have Adequately Alleged Standing

Apple first moves to dismiss Plaintiffs' complaint for lack of standing.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561–62 (1992); *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (complaints should be dismissed under 12(b)(1) when plaintiffs have not established standing).  To demonstrate Article III standing, a plaintiff must show an injury, trace that injury to the defendant's conduct, and prove that courts can provide adequate redress for the injury.  *Lujan*, 504 U.S. at 560-61.  "[T]here must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant.'"  *Id.* at 560 (citations omitted).

Plaintiffs must likewise establish standing under the UCL and CLRA.  "[B]oth the UCL and CLRA protect only plaintiffs who have suffered harm 'as a result of' defendants' unlawful or

2

unfair practices." *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 996 (N.D. Cal. 2007) (citing Cal. Bus. & Prof. Code § 17204 (UCL); Cal. Civ. Code § 1780 (CLRA)). Similar to Article III standing, "a plaintiff is required to show 'a causal connection or reliance' on an affirmative misrepresentation or a material omission." *May v. Google LLC*, 2024 WL 4681604, at *10 (N.D. Cal. Nov. 4, 2024) (discussing UCL and CLRA standing) (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011)).

Here, Plaintiffs allege that they were "deceived as a result of their reliance on Defendant's material misrepresentations" regarding "legitimacy, safety and security of App Store apps," which led them to invest money in scam apps and overpay for their Apple products. Compl. ¶ 80. However, Plaintiffs fail to allege which specific statements by Apple materially impacted Plaintiffs' decision to download apps from the App Store and to purchase Apple products. Plaintiffs do not allege that Apple made any of the alleged misrepresentations (and if Apple did make those representations, that Plaintiff read them) before Plaintiffs purchased Apple products, downloaded the cryptocurrency apps that are at issue in this case, or made what they believed were legitimate cryptocurrency purchases on those apps. *See Doe 1 v. AOL LLC*, 719 F. Supp. 2d 1102, 1113 (N.D. Cal. 2010) (plaintiff must show that the defendant's misrepresentation "'has been a substantial factor' in influencing the plaintiff's actions which, in turn, led to his harm.") (citation omitted). Plaintiffs have therefore not traced their injury to Apple's conduct. As a result, Plaintiffs have not adequately alleged standing.

### 1.      Whether Plaintiffs have Standing to Bring Claims for Injunctive Relief

Defendant additionally moves to dismiss Plaintiffs' claims for injunctive relief. *See* Compl. ¶ 97; Mot. at 20. A plaintiff who has been wronged is only entitled to injunctive relief if they can show that they face "real or immediate threat . . . that [they] will again be wronged in a similar way." *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (citation omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). Plaintiffs are not entitled to injunctive relief based on the allegations as currently pleaded in their complaint because those allegations relate solely to

1    Apple's historic conduct and representations; Plaintiffs do not contend that they, nor the alleged
2    class members, intend to download additional apps from Apple or purchase additional devices.
3    *See Stickrath*, 527 F. Supp. 2d at 997 (holding alleged injuries "lie solely in the past," and granting
4    leave to cure deficiency). Plaintiffs have not adequately alleged that they or the putative class
5    members will be harmed in the future, and therefore have not established standing to bring claims
6    for injunctive relief. *See Darisse v. Nest Labs, Inc.*, 2016 WL 4385849, at *3 (N.D. Cal. Aug. 15,
7    2016) ("Allegations that a defendant's continuing conduct subjects unnamed class members to the
8    alleged harm are insufficient if the named plaintiffs are themselves unable to demonstrate a
9    likelihood of future injury.").

### 2.    Whether Plaintiffs have Standing to Bring Claims for Equitable Relief

Finally, Defendant moves to dismiss Plaintiffs' claims for restitution. *See* Compl. ¶ 97; Mot. at 20. Under the UCL and the CLRA, "restitutionary relief is limited to money or property lost by the plaintiff and acquired by the defendant." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1135 (9th Cir. 2014); *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 694 (2006), *as modified on denial of reh'g* (Jan. 31, 2006). Plaintiffs have not alleged that they paid Apple to download the cryptocurrency apps, nor that Apple acquired any of Plaintiffs' money that was stolen through the cryptocurrency scam. Further, as to Plaintiffs' allegations that they overpaid for their Apple products, Plaintiffs Sallen and Gomez assert they purchased Apple products through a third party and have not adequately alleged that Apple received the alleged overpayments. Compl. ¶¶ 52, 57. Therefore, Plaintiffs have not established standing to bring their claims for restitution.

The Court grants Defendant's motion to dismiss for lack of standing with leave to amend.

### B.    Whether Plaintiffs have Adequately Stated a Claim

Plaintiffs allege that Apple failed "to adequately vet predatory . . . cryptocurrency scam apps" and Apple's "continuing misrepresentations that the apps in its App Store are vetted, safe and trustworthy" induced Plaintiffs to download the apps and overpay for their Apple products. Compl. ¶ 77. Plaintiffs' claims all sound in fraud.

Claims sounding in fraud "are subject to Rule 9(b)'s heightened pleading standard,"

which requires that "[a]verments of fraud . . . be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citations omitted).

Plaintiffs point to a variety of general statements and marketing messages from Apple, but do not sufficiently tie specific statements to each Plaintiff and to the claims and harm Plaintiffs allege in the complaint. Plaintiffs do not allege, nor is it reasonable to infer from their allegations, which particular statements from Apple they relied upon, when individual Plaintiffs reviewed the particular statements, and how Plaintiffs relied upon the specific statements when choosing to download the cryptocurrency apps or make purchases on those apps. Plaintiffs must allege facts regarding "the circumstances constituting the alleged fraud," and "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Id.* at 1124. Moreover, Plaintiffs must allege with specificity what was false or misleading about each of the alleged misrepresentations, or what information Apple omitted.

Defendant's motion to dismiss for failure to state a claim pursuant to Rule 9(b) is granted with leave to amend.

### IV. CONCLUSION

Defendant's motion is GRANTED with leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (pursuant to Rule 15(a), leave to amend "should be freely granted when justice so requires," keeping in mind the underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities.") (en banc) (internal quotes and ellipses omitted).

Plaintiffs shall file an amended complaint within 21 days from this Order.

**IT IS SO ORDERED.**

Dated: July 8, 2025

Noël Wise
United States District Judge

5