United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANDEEP KAPIL, et al.,
Plaintiffs,
v.
APPLE, INC.,
Defendant.

Case No. 24-cv-09304-NW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Re: ECF No. 50

On September 29, 2025, Defendant Apple, Inc. ("Apple") filed a motion to dismiss Plaintiffs' first amended class action complaint ("FAC") that alleges Apple is responsible for losses Plaintiffs sustained through scam cryptocurrency applications that Plaintiffs downloaded from Apple's App Store. Mot., ECF No. 50. The Court GRANTS in part and DENIES in part Defendant's motion.[1]

## I. BACKGROUND

The Court recites only facts relevant to this motion and assumes familiarity with the background of this case as addressed in the Court's July 8, 2025 Order.[2] *See* ECF No. 46.

Plaintiffs allege that "Apple has actively and extensively represented to consumers that apps on the App Store are thoroughly vetted, trustworthy, and secure," and in reliance on these representations, Plaintiffs downloaded one or more cryptocurrency applications from Apple's App Store. FAC ¶¶ 1, 94-119. Plaintiffs transferred money and bought cryptocurrency within these

[1] The Court considered the parties' briefs and the relevant legal authority and concluded that oral was not required, *see* N.D. Cal. Civ. L.R. 7-1(b). The hearing set for December 17, 2025, is vacated.

[2] Unless otherwise noted, the background information comes directly from Plaintiff's FAC, ECF No. 49.

applications, which turned out to be cryptocurrency scams that caused each Plaintiff to lose money. Plaintiffs acknowledge that the illegitimate cryptocurrency apps, and not Apple, perpetrated the scams that stole Plaintiffs' money.

Plaintiffs bring claims on behalf of a putative class made up of "[a]ll persons who downloaded a cryptocurrency trading app from the Apple App Store within the relevant statutory period to the date notice is sent to the Class and whose funds were stolen from the cryptocurrency app by the app developers or agents working on their behalf." *Id.* ¶ 123.

## II. LEGAL STANDARD

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]," *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

Plaintiffs' FAC asserts three causes of action beginning with a claim under California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq*., seeking injunctive relief and restitution. Next, Plaintiffs allege violations of California's Consumers Legal Remedies Act ("CLRA"), Civil Code § 1750, *et seq*., and seek monetary damages, injunctive relief, and restitution. Finally, Plaintiffs also seek monetary damages for their negligent misrepresentation claim.

Defendants move to dismiss the FAC primarily on the grounds that Plaintiffs have not established standing to seek monetary damages, injunctive relief, and restitution. The Court finds that Plaintiffs have established standing for their claims for monetary damages but not for injunctive relief and restitution. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' UCL claim in its entirety and their CLRA claim in part.

Defendants additionally argue that Plaintiffs have failed to plead each of their claims with particularity under Fed. R. Civ. Pro. 9(b). Just as Plaintiffs have adequately alleged sufficient

facts to support standing for their claims for monetary damages, the Court finds that Plaintiffs have adequately alleged facts to support their claims for monetary damages under the CLRA and for negligent misrepresentation. Plaintiffs' claims for monetary damages under the CLRA and for negligent misrepresentation may proceed.

### A. Plaintiffs Have Adequately Alleged Standing for their Monetary Damages Claims and Have Alleged Sufficient Facts Under 9(b)

To demonstrate Article III standing, a plaintiff must show an injury, trace that injury to the defendant's conduct, and prove that the court can provide adequate redress for the injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561–62 (1992); *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (complaints should be dismissed under 12(b)(1) when plaintiffs have not established standing). "[T]here must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant.'" *Id.* at 560 (citations omitted). Plaintiffs must likewise establish standing under the CLRA. Under the CLRA, "plaintiffs must allege that they relied on defendant's alleged misrepresentation" and were harmed because of the defendant's conduct. *James Chowning, et al. v. Tyler Technologies, Inc.*, 25-cv-04009-YGR, 2025 WL 3496690, at *3-4 (N.D. Cal. Dec. 5, 2025).

Here, Plaintiffs have each adequately alleged that they relied on statements from Apple prior to downloading the cryptocurrency apps and before purchasing cryptocurrency through the apps. FAC ¶¶ 94-95 (Kapil); ¶¶ 102-103 (Gomez); ¶¶ 110-111 (Sallen); and ¶¶ 118-119 (Shin); *see Doe 1 v. AOL LLC*, 719 F. Supp. 2d 1102, 1113 (N.D. Cal. 2010) (plaintiff must show that the defendant's misrepresentation "'has been a substantial factor' in influencing the plaintiff's actions which, in turn, led to his harm."). For example, Plaintiff Kapil alleges that he reviewed Apple's App Review Guidelines "including specific guidelines for cryptocurrency trading apps" in October 2023 "shortly before depositing his first significant sum of money into the Digicoins app." FAC ¶ 94. Kapil "was exposed to and relied" on Apple's statement in the Guidelines that "Apps facilitating Initial Coin Offerings ("ICOs"), cryptocurrency futures trading, and other crypto-securities or quasi-securities trading must come from established banks, securities firms, futures commission merchants ("FCM"), or other approved financial institutions and must comply

with all applicable law." *Id*. Kapil downloaded Digicoins "and began transferring money and buying cryptocurrency" "[i]n reliance on th[e] impression Apple has cultivated over time regarding the safety and security of App Store apps and based on his belief that the Digicoins app downloaded from Apple's App Store was safe and secure based on Apple's representations that the app had been reviewed by experts, adhered to Apple's guidelines for financial apps and was a legitimate cryptocurrency trading app as it purported to be." *Id*. ¶ 95. Moreover, before Kapil "began transferring larger amounts to Digicoins," "he looked for additional assurance from Apple" by "review[ing] Apple's guidelines and review process for apps available from the App Store, including the particular standards Apple purportedly requires for cryptocurrency exchange apps." *Id*. ¶ 96. "Apple's representations regarding the safety and security of apps on its App Store further convinced Kapil the Digicoins app was safe for his investments," and "[i]n reliance on Apple's safety message, Kapil began to deposit in larger amounts." *Id*. Kapil "would not have downloaded the Digicoins app if [he] had known it . . . did not meet guidelines for such apps and was not a safe, trustworthy and legitimate cryptocurrency trading app as represented by Apple." *Id*. ¶ 95. These factual allegations are sufficient to show "a causal connection or reliance" on the specific statements by Apple, because Kapil downloaded the Digicoins app "in reliance" on Apple's statements and was "further convinced" by Apple's statements to deposit money into the apps.

Plaintiffs have likewise adequately alleged facts to support their claims for monetary damages. Claims sounding in fraud "are subject to Rule 9(b)'s heightened pleading standard," which requires that "[a]verments of fraud . . . be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). In the FAC Plaintiffs identify the specific statements from Apple each Plaintiff relied upon, when individual Plaintiffs reviewed those statements, how Plaintiffs relied upon the specific statements when choosing to download the cryptocurrency apps or make purchases on those apps, and how the statements were misleading based on Plaintiffs' experiences with security failures. At this stage of the litigation, Plaintiffs have alleged facts with sufficient particularity to "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend

against the charge and not just deny that they have done anything wrong.'" *Id.* at 1124.

Accordingly, Defendant's motion to dismiss for lack of standing and for failure to state a claim pursuant to Rule 9(b) as to Plaintiffs' claims for monetary damages is DENIED.[3] Plaintiffs' claims for monetary damages under the CLRA and negligent misrepresentation may proceed.

**B. Plaintiffs Have Not Established Standing for their Requested Equitable Relief**

While Plaintiffs have demonstrated standing for their damages claims to advance, they have insufficiently alleged facts to establish standing for the equitable remedies they seek – namely injunctive relief and restitution.

To bring claims for injunctive relief, a plaintiff must show that they are "threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that [they] will again be wronged in a similar way." *DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1240 (9th Cir. 2024), *cert. denied,* 145 S. Ct. 1051 (2025) (quoting *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). General allegations regarding continued harm to unnamed class members is "insufficient if the named plaintiffs are themselves unable to demonstrate a likelihood of future injury." *Darisse v. Nest Labs, Inc.*, 2016 WL 4385849, at *3 (N.D. Cal. Aug. 15, 2016). Plaintiffs broadly contend that the putative class members "intend to continue to purchase App Store apps in the future if they are secure and

[3] Defendants put forward two additional arguments, both of which are misplaced. First, Defendants argue that Plaintiffs' negligent misrepresentation claim is barred by the economic loss doctrine. The Court recognizes that there is a split within the Ninth Circuit on this issue. *Kalitta Air, L.L.C. v. Cent. Texas Airborne Sys., Inc.*, 315 F. App'x 603, 607 (9th Cir. 2008) (unpublished decision); *Hannibal Pictures, Inc. v. Sonja Prods. LLC*, 432 F. App'x 700, 701 (9th Cir. 2011) (unpublished decision). "[T]his Court concurs with the majority view among district courts that the economic loss rule does not bar negligent misrepresentation claims where, as here, the allegation is that false representations induced a purchase." *In re SanDisk SSDs Litig.*, 736 F. Supp. 3d 786, 795 (N.D. Cal. 2024). Second, Defendants contend that Plaintiffs' claims are all barred by Section 230(c)(1) of the Communications Decency Act, which "broadly immunizes providers of interactive computer services from liability for content posted by third parties." Mot. at 21. Here, Plaintiffs are not challenging information provided by a third party; Plaintiffs are directly challenging Apple's own statements.

comport with Apple's advertising claims and representations regarding its standards, vetting and review." FAC ¶ 151. However, the named class members have not "themselves . . . demonstrate[d] a likelihood of future injury" because they have not alleged that they intend to purchase apps or download cryptocurrency apps from the App Store in the future. The Court finds that Plaintiffs have not established standing to bring claims for injunctive relief.

Finally, under the UCL and the CLRA, restitution "is limited to money or property lost by the plaintiff and acquired by the defendant." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1135 (9th Cir. 2014); *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 694 (2006), *as modified on denial of reh'g* (Jan. 31, 2006). Plaintiffs have not alleged that Apple acquired any of Plaintiffs' money stolen through the cryptocurrency scams. In fact, Plaintiffs Sallen and Gomez purchased Apple products through a third party and have not adequately alleged that Apple received any payment, let alone overpayment, for the App products. FAC ¶¶ 103, 111. Moreover, Plaintiffs fail to allege that they lack an adequate remedy at law for their restitution claim under the UCL. Plaintiffs "must, at a minimum, ***plead*** that" they lack "adequate remedies at law" if they seek equitable relief. *Johnson v. Trumpet Behav. Health, LLC*, No. 3:21-CV-03221-WHO, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022) (internal quotation and citation omitted) (emphasis in original). To meet this burden, Plaintiffs must plead "specific facts showing that damages are 'inadequate or incomplete.'" *Norman v. Gerber Prods. Co.*, No. 21-CV-09940-JSW, 2023 WL 122910, at *3 (N.D. Cal. Jan. 6, 2023). The FAC lacks allegations that the monetary damages available to Plaintiffs from their CLRA and negligent misrepresentation claims will be inadequate.

Given that the "UCL provides only for equitable remedies," and because the Court finds that Plaintiffs lack equitable standing, Plaintiffs' UCL claim is dismissed in its entirety. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) (citations omitted). Plaintiffs' claims seeking injunctive relief and restitution under the CLRA are similarly dismissed.

## IV. CONCLUSION

The Court addressed the deficiencies in Plaintiffs' complaint in the previous Order on Defendant's motion to dismiss, and granted Plaintiffs leave to amend. Because Plaintiffs did not

United States District Court
Northern District of California

correct the deficiencies in the FAC, the Court GRANTS Defendant's motion to dismiss Plaintiffs' claims for injunctive relief and restitution without leave to amend: Plaintiffs' UCL claim is dismissed in full (Count 1) and the CLRA claim is dismissed in part (Count 2). *Smith v. YETI Coolers, LLC*, No. 24-CV-01703-RFL, 2025 WL 877127, at *1 (N.D. Cal. Mar. 14, 2025) ("[B]ecause Plaintiff[s] failed to correct the deficiencies previously identified, the motion to dismiss is granted without leave to amend").

Defendant's motion to dismiss is otherwise DENIED. Plaintiffs may proceed on their claims under the CLRA (Count 2), and for negligent misrepresentation (Count 3), for monetary damages only. Defendant shall file an answer to Plaintiffs' complaint within 21 days.

**IT IS SO ORDERED.**

Dated: December 16, 2025



Noël Wise
United States District Judge