UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SANDEEP KAPIL, et al.,

Plaintiffs,

v.

APPLE INC.,

Defendant.

Case No. 24-cv-09304-NW (VKD)

**ORDER RE JULY 30, 2026 DISCOVERY DISPUTE RE PROTECTIVE ORDER**

Re: Dkt. No. 74

Plaintiffs and defendant Apple Inc. ("Apple") ask the Court to resolve their dispute regarding two provisions in a proposed protective order. Dkt. No. 74. The parties attach their competing proposals. Dkt. Nos. 74-1 (Plaintiffs); Dkt. No. 74-2 (Apple). The Court held a hearing on this matter on August 11, 2026. Dkt. No. 77.

For the reasons explained below and on the record at the hearing, the Court adopts, with one modification, plaintiffs' proposed data security provision, and adopts Apple's proposed provision regarding access to "Highly Confidential" discovery material.

**1. Data Security (sec. 11)**

The parties agree that a Receiving Party must implement and maintain an information security management system ("ISMS") to safeguard Protected Materials, including reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures. They disagree principally about whether, in implementing and maintaining such a system, a Receiving Party must comply with at least one of the following standards: (1) ISO 27001, (2) NIST 800-53, (3) CIS Critical Security Controls, ver. 8, or (4) "the most recently published version of another widely recognized

United States District Court
Northern District of California

industry or government cybersecurity framework." *See* Dkt. No. 74-5 (comparison of sec. 11(a) provisions).

In this action, plaintiffs seek to hold Apple responsible for cryptocurrency scams to which plaintiffs fell victim after downloading and using cryptocurrency applications from Apple's App Store. Dkt. No. 49. Currently, plaintiffs seek monetary damages for negligent misrepresentation and for violation of the California Consumer Legal Remedies Act, Civil Code § 1750, *et seq*. *See* Dkt. No. 55 at 6-7. It is not clear to what extent discovery will require Apple to produce material that implicates the particular concerns it highlights in the joint discovery dispute letter. *See* Dkt. No. 74 at 5 (referring to documents that "could provide criminals with a blueprint for circumventing [Apple's internal] security and victimizing hundreds of millions of consumers"). Plaintiffs advise that very little discovery will implicate any extremely confidential or sensitive Apple documents; Apple disagrees.

On the record presented, the Court is not persuaded that, for purposes of the blanket protective order at issue, compliance with one or more of the standard protocols Apple identifies is necessary, as at least a substantial portion of the discovery Apple is likely to produce will not require more rigorous protections than those afforded by plaintiffs' proposal, which already exceed those otherwise provided for in this District's two-tier model protective order. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (discussing nature of blanket protective orders). In making this decision, the Court relies in part on plaintiffs' counsel representation during the hearing that counsel's law firm already has in place an ISMS and other measures that fully comply with plaintiffs' proposed provision. Accordingly, the Court adopts plaintiffs' proposal for section 11(a), with one modification, as follows:

> Receiving Party shall implement and maintain an information security management system ("ISMS") to safeguard Protected Materials, including reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures designed to protect the security and confidentiality of such information against unauthorized access and any other reasonably anticipated threats or hazards. ~~To the extent a party or person does not have an ISMS, they may comply with this provision by having~~

United States District Court
Northern District of California

> ~~the Protected Material managed by and/or stored with eDiscovery vendors, claims administrators, or other platforms that maintain such an ISMS.~~ The Parties shall implement multi-factor authentication[ ] ("MFA") for access to Protected Materials. At a minimum, MFA must be implemented on a device-specific basis but need not be implemented on a document-specific basis. The Parties shall implement encryption of all Protected Materials in transit outside of network(s) controlled by the Receiving Party (and at rest, where reasonably practical). Nothing in this provision shall restrict or apply to the filing of Protected Material with the Court, including filings made under seal in accordance with applicable rules. To the extent production of source code becomes necessary in this case, the Parties agree to meet and confer regarding any additional reasonable data security measures appropriate to such materials.

*See* Dkt. No. 74-1 (sec. 11(a)) (footnoted omitted). The Court's decision regarding section 11(a) is without prejudice to any party's ability to seek additional or different protections for the disclosure of particular Protected Material at a later time.

The Court also adopts plaintiffs' proposal for section 11(b), for the same reasons explained in *Gamboa v. Apple, Inc.*, No. 24-cv-01270-EKL (VKD), 2024 U.S. Dist. LEXIS 215456, at *6-*7 (N.D. Cal. Nov. 26, 2024).

**2. Access to Highly Confidential Material (sec. 9)**

The Court is not persuaded that there is any justification for named plaintiffs to have access to all "Highly Confidential" discovery material produced by Apple, or that it would be appropriate to permit plaintiffs' counsel to determine, unilaterally and at their sole discretion, whether disclosure of such material to the named plaintiffs is "reasonably necessary." *See* Dkt. No. 74-1 (sec. 9(a)). Accordingly, the Court adopts Apple's proposal for section 9. The Court's decision regarding section 9 is without prejudice to plaintiffs' ability to seek permission to disclose specific Apple "Highly Confidential" material to the named plaintiffs at a later time.

***

The parties shall file a proposed protective order that conforms to the Court's decision resolving the disputed issues presented. In addition, the parties are advised that any discovery disputes, including challenges to designations of Protected Material, are subject to the Court's discovery dispute procedures described in Judge DeMarchi's Standing Order for Civil Cases, available at https://cand.uscourts.gov/sites/default/files/standing-orders/VKD-

United States District Court
Northern District of California

StandingOrderForCivilCases-7-2025.pdf. The parties' proposed protective order should so state.

**IT IS SO ORDERED.**

Dated: August 13, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge